Jason K. Feldman, Esq. [SBN 213386]
**LAW OFFICE OF JASON K. FELDMAN, PC**
270 N. Canon Drive, 3rd Floor
Beverly Hills, CA 90210
Tel: (844) 553-5342
Fax: (310) 564-2004
Email: jkflegal270@gmail.com

Attorneys for Plaintiff R.A. Doe

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R.A. DOE, an individual;** | **COMPLAINT FOR DAMAGES:** |
| **Plaintiff,** | |
| **vs.** | |
| **COUNTY OF LOS ANGELES;** | **(1)  42 U.S.C. §1983 (cruel and unusual punishment);** |
| **CHIEF PROBATION OFFICER** | **(2)  42 U.S.C. §1983 (failure to train and supervise);** |
| **BARRY NIDORF, in his individual** | **(3)  Negligence/Statutory Liability;** |
| **and official capacity; DEPUTY** | **(4)  Negligent Training and Supervision** |
| **PROBATION OFFICER** | **(5)  Violation of State Civil Rights** |
| **JOHNSON, in his individual and** | |
| **official capacity; DEPUTY** | **DEMAND FOR TRIAL BY JURY** |
| **PROBATION OFFICER CLARK, in** | **Case No. 2:26-cv-5192** |
| **his individual and official capacity;** | |
| **and JOHN DOES 1 – 10.** | |
| **Defendants.** | |

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

Plaintiff R.A. DOE ("Plaintiff") alleges on information and belief as follows:

## THE NATURE OF THIS ACTION

1. On or about September 29, 1994, when Plaintiff was 15 years old, he was committed to the custody of Los Angeles County and sent to Los Padrinos Juvenile Hall where he experienced sexual abuse by Probation Officer Johnson.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. §1983. Accordingly, subject matter is conferred upon this Court by 28 U.S.C. sections 1331 and 1343. Jurisdiction for the claims based on California law is founded on 23 U.S.C. §1367 (a), which provides this court with supplemental jurisdiction over state law claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences or omissions giving rise to this action occurred in the County of Los Angeles, California.

## THE PARTIES

4. R.A. Doe, date of birth June 5, 1979, is an individual who at all times relevant has resided in the County of Los Angeles, California.

5. At all times relevant herein, Plaintiff was an incarcerated inmate and/or ward in the custody of DEFENDANT LOS ANGELES COUNTY, specifically, the Los Angeles County Probation Department at the Los Padrinos Juvenile Hall in Downey, California.

6. DEFENDANT LOS ANGELES COUNTY (hereinafter, "COUNTY") was at all times relevant herein, and is, a public entity duly organized and existing under and by virtue of the laws of the State of California.

7. COUNTY is responsible for the care and custody of inmates and/or wards incarcerated in COUNTY jail facilities including but not limited to juvenile detention facilities.

8. DEFENDANT COUNTY is responsible for the funding, staffing, and direction of Los Angeles County Probation Department ("LACPD"); for the hiring, retention, training, and supervision of Probation employees; and for the observation of rights of Probation employees and persons subject to Probation jurisdiction and custody.

9. At all times applicable herein, BARRY NIDORF was the Chief Probation Officer for Los Angeles County.

10. DEPUTY PROBATION OFFICER JOHNSON (hereinafter "DEFENDANT JOHNSON") was an individual residing, on information and belief, in the County of Los Angeles or otherwise within the jurisdiction of the Central District of California. DEFENDANT JOHNSON's job duties included supervision of the juvenile detainees including PLAINTIFF.  JOHNSON is being sued in both his official and individual capacity.

11. DEPUTY PROBATION OFFICER CLARK (hereinafter "DEFENDANT CLARK") was an individual residing, on information and belief, in the County of Los Angeles or otherwise within the jurisdiction of the Central District of California. DEFENDANT CLARK's job duties included supervision of the juvenile detainees including PLAINTIFF.  CLARK is being sued in his official and individual capacity.

12. Hereinafter, all individual Defendants, including those presently named as DOE defendants, shall be collectively referred to as "COUNTY DEFENDANTS.

13. The true names and capacities of JOHN DOE Defendants l through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

each individual defendant fictitiously named herein as JOHN DOE is liable to Plaintiff for its tortious actions and its willful disregard of the actions of Dr. Vasile in some other actionable manner, for the events and happenings, or lack thereof, hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to insert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.  Each Defendant, including JOHN DOES 1 through 10, is the employer, master, partner, business associate, agent, servant, and/or employee of other Defendants.  Each Defendant was acting within the course and scope of his, her or its authority as an agent, servant, and/or employee of the other Defendants. Defendants, and each of them, are individuals or entities that engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities alleged in this Complaint.

## COMMON ALLEGATIONS

14. Los Padrinos Juvenile Hall in Downey, California, first opened in 1957. For six decades, it served as a juvenile detention facility for "pre-disposition" offenders, those who were charged with criminal violations but were awaiting final adjudication and sentencing. Los Padrinos was one of three juvenile halls serving Los Angeles County, and it was under the operational control of the LACPD.

15. In the early days of operation, Los Padrinos could hold a maximum of about 200 juvenile inmates. A major expansion project in the 1990s increased the capacity to 500 juvenile detainees between the ages of 12 and 18.

16. In the summer of 2019, Los Padrinos was shut down due to dysfunction and declining inmate population. It was converted and repurposed into a shelter for young women. However, in 2023, LA County was essentially forced to reopen Los Padrinos after state authorities forced the closure of LA County's two other juvenile facilities.

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

17. In December 2024 (just a year after it was reopened), the California Board of State and Community Corrections ordered Los Padrinos shut down because of widespread dysfunction and evidence of abuse. LA County essentially refused to comply with this order, however, and the state had to take the case to court. In April 2025, a judge ordered the LACPD to begin "depopulating" Los Padrinos in compliance with the state mandate.

18. Los Padrinos Juvenile Hall has a long and troubling history. Like many youth detention centers in California, it was intended to be a place where children could receive help and support while their cases were being processed through the court. Instead, it became a place where children were hurt, physically, emotionally, and sexually, by the very people who were supposed to protect them.

19. In recent years, hundreds of former inmates have come forward to report that they were sexually abused by staff at Los Padrinos. These survivors say that some officers and workers at the facility took advantage of them when they were vulnerable and alone. In some cases, children were as young as 12 years old when the abuse started.

20. Survivors say they tried to speak up but were ignored, punished, or threatened. Many were too scared to report what happened at the time. Others, like PLAINTIFF, say they did not realize until years later just how much damage the abuse caused them.

21. Lawsuits were filed in 2022 and 2024 by large groups of survivors. These lawsuits claim that Los Angeles County and the Probation Department failed to protect the former juvenile detainees.  It was the filing of these lawsuits that brought back PLAINTIFF's memories and trauma of abuse at Los Padrinos.

22. On or about September 29, 1994 through November 9, 1994, PLAINTIFF was detained at Los Padrinos Juvenile Detention Center awaiting a probation

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

violation hearing. During his detention, PLAINTIFF was subjected to pervasive sexual assault and battery.

23. DEFENDANT JOHNSON was a Deputy Probation Officer at Los Padrinos during PLAINTIFF'S detention and sexually harassed, assaulted and battered PLAINTIFF. DEFENDANT JOHNSON frequently smacked PLAINTIFF on the buttocks, often after ordering PLAINTIFF to drop his pants. On one occasion, PLAINTIFF had to go to the bathroom. DEFENDANT JOHNSON grabbed him and slapped his buttocks while stating, "hurry up." DEFENDANT JOHNSON referred to PLAINTIFF'S buttocks as "big butt." DEFENDANT JOHNSON frequently struck PLAINTIFF on his buttocks to get him moving. On another occasion, DEFENDANT JOHNSON came into PLAINTIFF'S bunk to strike him with a bare hand on his bare buttocks. DEFENDANT JOHNSON, on at least six occasions, had PLAINTIFF pull down his pants and DEFENDANT JOHNSON slapped his bare buttocks as discipline. PLAINTIFF saw DEFENDANT JOHNSON do this to other juvenile detainees on many occasions. PLAINTIFF was struck over the pants, on the buttocks, 3-4 times per week by DEFENDANT JOHNSON while he was detained in 1994.

24. PLAINTIFF experienced violence and abuse at the hands of Los Padrinos staff. DEFENDANT CLARK, for example, disciplined PLAINTIFF by striking him in the head causing substantial pain and leaving a bump on his head for nearly a week.

25. At Los Padrinos, there were no real safeguards, poor supervision, and no one held the staff accountable.

26. Lost Padrinos Juvenile Hall is under the control and operational authority of the Los Angeles County Probation Department ("LACPD"), which was responsible for overseeing all aspects of its operations. This included the screening, hiring, training, and supervision of correctional officers and staff. As the

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

supervising authority, LACPD had a legal duty to ensure the safety, care, and custody of the juveniles housed at the facility.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. §1983

### (Cruel and Unusual Punishment)

### (Against ALL Defendants)

27. Plaintiff realleges and incorporates by reference, as though fully set for the herein, each and every allegation previously set forth.

28. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects detainees from conditions of confinement or failures to prevent harm that amount to punishment without due process, including where LACPD Officers act deliberately indifferent to known risks of harm to detained individuals such as Plaintiff Anderson, Plaintiff was deprived of his liberty interests and due process rights, and his right to be free from cruel and unusual punishment because it is the duty of the detaining facility or an incarcerating entity to take reasonable measures to guarantee the safety of a detainee and/or prisoner. In this regard, the injury suffered by Plaintiff was cruel and unusual punishment and a deprivation of his liberty interests.

29. In September of 2024, Plaintiff believes and thereon alleges that there was in existence at the LACPD, an administrative manual, written policies and procedures, along with orally conveyed policies regarding issues of sexual abuse of detained individuals from staff, supervision and protection of vulnerable detainees from staff, prevention of staff on detainee sexual abuse and disciplinary measures to take against staff who engage in sexual abuse against detainees.

30. Defendant JOHNSON acting in conscious and reckless disregard for the plaintiff's rights and safety and in complete disregard of their responsibilities, did under the color of law, knowingly and or intentionally engage in the following acts and omissions: sexually harassed, assaulted and battered Plaintiff Anderson.

31. Defendant CLARK acting in conscious and reckless disregard for the plaintiff's rights and safety and in complete disregard of their responsibilities, did under the color of law, knowingly and or intentionally engage in the following acts and omissions: discipline Plaintiff Anderson by striking him in the head causing substantial pina and injury.

32. In this manner, COUNTY DEFENDANTS, under the color of law, failed to protect the Plaintiff's life and safety, to which Plaintiff had a constitutional right and thereby caused plaintiff to be exposed to danger and mental anguish resulting in severe and permanent injuries.

33. On information and belief, Defendants Johnson and Clark acted as they did in part because they knew or were otherwise aware there was no enforced COUNTY policy in place to monitor and or review the safety of detainees including the conduct of Deputy Probation Officers Johnson and Clark. As a result of established customs, norms and procedures at Los Padrinos, Defendants, including Defendants Johnson and Clark, believed that they would not be disciplined or punished for their conduct and their conduct would otherwise be ratified or condoned by their superiors, as similar conduct had routinely gone unpunished and with offenders suffering no adverse or disciplinary consequences.

34. As a proximate result of the aforementioned acts and omissions of defendants and each of them, Plaintiff suffered substantial physical and emotional harm that will negatively affect him for the remainder of his life.

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

35. As a proximate result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff sustained great mental pain, suffering, fear, anxiety, anguish and emotional distress.

36. The aforementioned acts of said individual defendants, and each of them, was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual defendants, but not as to defendant COUNTY.

37. Plaintiff also requests payment by defendants of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. §1983

### (Failure to Train and Supervise)

### (Against Defendants COUNTY and NIDORF)

38. Plaintiff repeats and re-alleges the paragraphs set forth above.

This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Eight and Fourteenth Amendments of the United States Constitution.

39. At all relevant times, Defendants COUNTY and NIDORF knew or should have known of the acts of its employees as complained of herein occurring at their detention facilities, including Los Padrinos. As a means, method, practice, policy of not requiring staff interaction with vulnerable detainees to be actively monitored or reviewed, Defendants COUNTY and NIDORF, consciously disregarded their duties, in allowing Defendants Johnson and Clark unfettered access to Plaintiff and failed to adequately investigate, discover, discipline and/or correct such actions or practices, thereby causing a violation of Plaintiffs Constitutional rights as hereinabove set forth and his injuries.

40. Prior to the incidents alleged herein, defendants in the course and scope of their employment with defendants COUNTY and NIDORF, facilitated, permitted,

COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY

ratified, and condoned similar acts of sexual assaults, neglect and cruelty and were deliberated indifferent to the safety of detainees like Plaintiff Anderson. Defendants knew or in the exercise of reasonable care should have known of this practice pattern, or policy of institutional violations. Furthermore, the Defendants had knowledge through numerous prior lawsuits and investigations predating this incident along with numerous claims directly placed the COUNTY and NIDORF on notice. Said Defendants had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to detainees, such as Plaintiff, but failed to take action to properly train, instruct, supervise or discipline staff members or other employees assigned to juvenile hall facilities. As a result, thereof, Plaintiff was severely harmed and permanently injured and damaged in the manner alleged herein.

41. At all times herein and prior thereto Defendants COUNTY and NIDORF had the duty to train, instruct, supervise and discipline staff members to ensure that they respected and did not violate federal constitutional and statutory rights of detainees in their juvenile hall facilities and to objectively investigate violations of said rights such as the following:

(a) The right of detained minors to be free from sexual assaults from staff.

(b) The right to be free of infliction of injury from assault by staff.

(c) The right to be safe and protected from injury while in the defendants' custody.

(d) The right to be protected by staff members while under their control.

42. Defendants COUNTY and NIDORF breached their duties by failing to train, instruct, supervise, or discipline their staff members including Defendants Johnson and Clark on the violation of Plaintiff's and other minors' constitutional

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

rights as alleged herein.

43. The conduct of said defendants has been ratified, authorized or otherwise condoned by each of them in their official and individual capacities.

44. By reason of the aforementioned acts and omissions of defendants and each of them, Plaintiff to be proven at the time of trial.

45. By reason of the aforementioned acts and omissions of defendants and each of them, Plaintiff was required to and did retain counsel and requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

46. The aforementioned acts of said individual defendants, and each of them, was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual defendants, but not as to Defendant COUNTY.

### THIRD CLAIM FOR RELIEF

**Negligence**

**(Against ALL Defendants)**

47. Plaintiff repeats and re-alleges the paragraphs set forth above.

48. Plaintiff, at all material times, was in a "special relationship" with Defendants Johnson and Clark, while he was detained at Los Padrinos Juvenile Detention Center. The special relationship obligated these Defendants to protect Plaintiff from danger, because as a detainee he was unable to protect himself while defendants had power, authority and control over the safety of Plaintiff. Moreover, these Defendants had notice of the actual danger to the Plaintiff as Defendant Johnson committed the sexual assault against Plaintiff and Defendant Clark committed battery by striking Plaintiff in the head.

49. Defendants Johnson and Clark as Probation Officers had an on-going relationship with the minor Plaintiff and an ongoing duty to exercise reasonable care in the protection of the Plaintiff which included a duty to warn and protect the

Plaintiff. Defendants Johnson and Clark acted negligently in their failure to adequately warn and protect Plaintiff from harm, despite their special relationship to Plaintiff and obligation to do so, causing Plaintiff's injuries as described herein.

50. Further, under California Penal Code § 289.6 it is illegal for any employee at a Juvenile Detention Center including Los Padrinos to engage in sexual activity with a detainee including touching Plaintiff's anus.

51. Defendant NIDORF, as supervisor, is responsible for the acts or omission are JOHNSON and CLARK.

52. Defendant COUNTY is subject to liability for above conduct pursuant to Cal. Gov't Code § 815.2 (a), which provides that "a public entity is liable for injury proximately caused by the act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this §, have given rise to a cause of action against that employee or his personal representative."

53. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendants' violations of the statutory duties set forth above, Plaintiff suffered extreme mental harm and anguish and other lifelong injuries.

54. As a direct and proximate result of the said acts and omissions, Plaintiff sustained special and general damages in an amount to be proven at the time of trial.

## FOURTH CLAIM FOR RELIEF

### Negligent Training and Supervision

### (Against Defendants County and Nidorf)

55. Plaintiff repeats and re-alleges the paragraphs set forth above.

56. Defendants COUNTY's employees, including NIDORF and JOHNSON and CLARK, were unfit and incompetent to perform the work for which they were hired.

57. Defendant NIDORF, as supervisor, knew or should have known that COUNTY's employees, including JOHNSON and CLARK, were unfit and incompetent and that this unfitness or incompetence created particular risks to the detainees at Los Padrinos. The negligence of NIDORF in training, supervising and retaining COUNTY's employees, including JOHNSON and CLARK, was a substantial factor in causing the harm of Plaintiff.

58. COUNTY is vicariously liable for wrongful acts of its employees, including NIDORF, pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

59. The conduct of COUNTY employees, including NIDORF, was malicious, oppressive and accomplished with a conscious disregard for the rights of Plaintiff entitling him to an award of exemplary and punitive damages as to NIDORF but not the COUNTY.

## FIFITH CLAIM FOR RELIEF

### Violation of State Civil Rights

### (Against ALL Defendants)

60. Plaintiff repeats and re-alleges the paragraphs set forth above.

61. All COUNTY DEFENDANTS were acting under the color of law in maintaining and supervising the facilities of the COUNTY for the incarceration of detained offenders, including Los Padrinos. Defendant COUNTY is vicariously liable for these Defendants' conduct under Government Code § 815.2.

62. As a result of the COUNTY and COUNTY DEFENDANTS conduct, and each of them, as adopted and incorporated by paragraphs previously set forth, Defendants violated Plaintiff's personal and civil rights, including the right of protection from personal and physical insult and violation, as set forth in California

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

Civil Code § 43, including but not limited to failing to protect Plaintiff from known risk of harm created by and known by Defendants.

63. The acts of Defendants previously alleged in this Complaint and incorporated herein to the extent applicable, interfered, or attempted to interfere with the exercise of Plaintiff's personal and civil rights under the laws and Constitution of the State of California, including the Plaintiff's rights under Civil Code § 43.

64. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer damages, including but not limited to serious physical injury, great emotional and psychological distress, humiliation and mental anguish.

65. These violations of the Plaintiff's personal and civil rights by COUNTY DEFENDANTS, are protected and guaranteed by California Civil Code § 52.1 entitling Plaintiff to damages and relief including damages under California Code § 52, other equitable relief, punitive damages, statutory civil penalty including $25,000 as to each individual Defendant and attorneys' fees pursuant to Civil Code § 52.1 (h) all of which requested herein.

66. In doing the acts alleged in this Complaint, COUNTY DEFENDANTS knew of should have known that their actions were intended to cause him injury and damage and or acted with willful and conscious disregard of Plaintiff's rights thus entitling the Plaintiff to recover punitive damages against said COUNTY DEFENDANTS, but not COUNTY.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. As a direct, legal, and proximate result of all and each of the Claims for Relief alleged above, Plaintiff has been damaged in an amount to be proven at trial.

2.  For general damages according to proof;

3.  For special damages according to proof;

4.  For exemplary damages against those individual defendants in an amount sufficient to deter and to make an example of those defendants;

5.  For costs of suit and reasonable attorney fees pursuant to 42 U.S.C. section 1988 on Plaintiff's federal claims;

6.  For such other further relief as the Court may deem just and proper.


Dated:   May 14, 2026                    **LAW OFFICE OF JASON K FELDMAN, PC**


By:  *jason feldman*
       Jason K. Feldman
       *Attorneys for Plaintiff*

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**

## DEMAND FOR JURY TRIAL

Plaintiff Robert Anderson respectfully requests that the present matter be set for a jury trial.

Dated:   May 14, 2026          **LAW OFFICE OF JASON K FELDMAN, PC**


By:   *jason feldman*
Jason K. Feldman
*Attorneys for Plaintiff*

**COMPLAINT FOR DAMAGES -- DEMAND FOR TRIAL BY JURY**